STATE OF MISSOURI )
) SS
COUNTY OF ST. LOUIS )

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| STACY SPANN, ) | |
| ) | |
| Plaintiff, ) | Cause No. |
| ) | |
| vs. ) | Division No. |
| ) | |
| DOLLAR TREE STORES, INC. ) | **JURY TRIAL DEMANDED** |
| Serve: ) | |
| Registered Agent ) | |
| CSC – Lawyers Incorporating Service Co. ) | |
| 221 Bolivar Street ) | |
| Jefferson City, MO  65101 ) | |
| ) | |
| Defendant. ) | |

## PETITION FOR DAMAGES

Comes now Plaintiff, Stacy Spann, by and through her attorneys, and for her cause of action for negligence against Defendant, Dollar Tree Stores, Inc., states to the Court as follows:

1. That at all times herein mentioned Plaintiff, Stacy Spann, was a resident of the State of Missouri.

2. That at all times relevant to this action, Defendant, Dollar Tree Stores, Inc., is a foreign corporation in good standing, which owned, operated and maintained its retail self-service store number 01644, located at 129 Dunn Road, in St. Louis County, Missouri and was acting by and through its agents, servants and employees.

3. That on or about July 3, 2019, Plaintiff, Stacy Spann, was lawfully and rightfully at the invitation of Defendant, Dollar Tree Stores, Inc., at the retail self-service

Case: 4:21-cv-00574-RLW   Doc. #:  1-1   Filed: 05/17/21   Page: 2 of 7 PageID #: 6

Electronically Filed - St Louis County - February 24, 2021 - 09:55 AM

store number 01644, located in St. Louis County, MO, when Plaintiff, Stacy Spann was caused to fall on a dust mop left in the aisle, and as a result the aisle was not reasonably safe.

4. That the Defendant knew or by using ordinary care could have known of this condition that was not reasonably safe.

5. As a direct result of this unsafe condition, Plaintiff sustained serious permanent and progressive injuries as herein more fully described.

6. That Defendant failed to use ordinary care to remove, barricade, warn of or repair the dangerous condition that was not reasonably safe.

7. That Defendant, Dollar Tree Stores, Inc., failed to properly monitor this self-service type store so as to provide and maintain a reasonably safe and clear aisle for its invitees and customers to walk and maintained its floor in the area where Plaintiff fell is such a way that a mop was located on the floor that was not clearly visible to its invitees and customers.

8. That Defendant knew or could have known of the dangerous condition in time to remedy it and Defendant operated a self-service store wherein customers moved throughout the store helping themselves to merchandise and the aisle had a dust mop left in the aisle.

9. As a direct and proximate result of the condition that was not reasonably safe and negligence of the Defendant, Dollar Tree Stores, Inc., Plaintiff, Stacy Spann was caused to fall, sustaining serious and permanent and painful injuries to her left shoulder and elbow, left wrist and left knee, resulting in permanent disability to her person, and all of Plaintiff's injuries are permanent and progressive.

10.    As a direct result of the negligence, carelessness, failures and omissions of Defendant, Dollar Tree Stores, Inc., as stated aforesaid, Plaintiff, Stacy Spann has been caused to expend sums of money for reasonable medical, doctor, hospital care and Plaintiff will be caused to undergo further reasonable and necessary medical care, in the future for which she will become indebted and Plaintiff also incurred lost wages.

WHEREFORE, Plaintiff, Stacy Spann, prays judgment against Defendant, Dollar Tree Stores, Inc. in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000.00), and for her costs expended herein and for such other and further relief as the Court deems just and proper under the circumstances.

*[signature]*

Robert H. Pedroli, Jr. – MO #34257
Eric A. Ruttencutter – MO #38883
PEDROLI & GAUTHIER, LLC
Attorneys for Plaintiff
130 S. Bemiston, Suite 300
Clayton, MO  63105-1911
314/726-1817
314/726-6087 (Fax)

2/23/21
lcl



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>THOMAS CHRISTIAN ALBUS | Case Number: 21SL-CC00858 |
|---|---|
| Plaintiff/Petitioner:<br>STACY SPANN | Plaintiff's/Petitioner's Attorney/Address<br>ERIC ANTHONY RUTTENCUTTER<br>130 S BEMISTON<br>SUITE 300<br>CLAYTON, 63105 |
| vs. | |
| Defendant/Respondent:<br>DOLLAR TREE STORES, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** DOLLAR TREE STORES, INC.
         Alias:
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO  65101**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

 **26-FEB-2021**               _____
   Date                                                                         Clerk

**Further Information:**
MT

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
   Printed Name of Sheriff or Server                                            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
         Subscribed and sworn to before me on _____ (date).
(Seal)
         My commission expires: _____         _____
                                                          Date                                                        Notary Public

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 21-SMCC-1628**     1     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                                                              54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

| | |
|---|---|
| **Sheriff's Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73